UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-336-FDW
(3:11-cr-404-FDW-DSC-1)

| | |
|---|---|
| ZONTA TAVARUS ELLISON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the petition filed by defendant Zonta Ellison pursuant to 28 U.S.C. § 2255. For the reasons that follow, this action will be dismissed without prejudice.

On December 13, 2011, Ellison was indicted by the grand jury for the Western District on three counts of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). (3:11-cr-404, Doc. 1: Indictment). Petitioner entered pleas of not guilty and proceeded to a trial by jury on the charges on January 9, 2013, and on January 13th, the jury returned a verdict of guilty on all three counts alleged in the Indictment. (Doc. 31).

On April 10, 2013, before sentencing, and therefore, before the entry of judgment, Ellison filed a notice of appeal from her convictions to the United States Court of Appeals for the Fourth Circuit. (Doc. 35). On June 3, 2013, again before sentencing or entry of judgment, Ellison filed the present Section 2255 motion alleging claims of ineffective assistance of counsel, violation of the Eighth Amendment, judicial misconduct, defamation of character, and other constitutional claims. (3:13-cv-336, Doc. 1).

1

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that a prisoner may raise collateral challenges to a sentence or judgment in certain instances. In particular, the AEDPA provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

As noted, Petitioner has been convicted but not yet sentenced and a criminal judgment has therefore not been entered. Hence, there is no sentence or judgment to challenge in a collateral proceeding. Accordingly, Petitioner's Section 2255 motion will be dismissed without prejudice to her ability to first challenge her convictions and sentence on direct appeal.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DISMISSED** without prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 13, 2013

Frank D. Whitney
Chief United States District Judge