UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:11-CR-00404-FDW-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | |
| | ) | **ORDER** |
| ZONTA TAVARUS ELLISON, | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release. (Doc. No. 84.) The United States responded, (Doc. No. 88), and this matter is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On June 15, 2011, as part of an ongoing narcotics investigation, an undercover detective arranged to purchase crack cocaine from Defendant. (Doc. No. 49, p. 3.) Defendant conducted the transaction through the detective's driver's side window and handed the detective 1.82 grams of crack cocaine in exchange for $180.00. (Id.) Later that month, on June 28, 2011, Defendant agreed to sell the undercover detective an additional 7 grams of crack cocaine in exchange for $350.00. (Id.) On that date, Defendant delivered 4.62 grams of crack cocaine to the detective in exchange for $350.00. (Id.) Two days later, on June 30, 2011, Defendant arranged with the detective to sell him 14 grams of crack cocaine, and the detective agreed to pay $700.00. (Doc. No. 49, p. 4.) After several phone conversations, Defendant delivered 11.01 grams of crack cocaine to the detective for which he was paid $700.00. (Id.)

Subsequently, Defendant was arrested and charged with three counts of possession with intent to distribute cocaine base in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. No. 1, pp.

1

1–2.) On January 10, 2013, a jury convicted Defendant of all three counts. (Doc. No. 31.) This Court sentenced Defendant to 262 months imprisonment and six years supervised release. (Doc. No. 51.) The Fourth Circuit affirmed Defendant's conviction and sentence on direct appeal, United States v. Ellison, 588 F. App'x 266 (4th Cir. 2014), and this Court denied his subsequent Motion to Vacate under 28 U.S.C. § 2255. (Doc. No. 81.)

In March 2023, Defendant submitted a request to the warden for a reduction in his sentence. (Doc. No. 84, p. 8.) The warden denied his request on April 18, 2023, (Doc. No. 84-1, p. 1), and Defendant subsequently filed this pro se motion for compassionate release under 18 U.S.C. § 3582. (Doc. No. 84.) The Court ordered the United States to respond to Defendant's Motion, (Doc. No. 86), and on August 1, 2023, the United States responded in opposition, (Doc. No. 88).

Defendant's projected release date is June 24, 2029. See https://www.bop.gov/inmateloc (last visited Apr. 5, 2024).

## I. STANDARD OF REVIEW

Defendant's motion seeks a reduction in his sentence in this case under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under § 3582(c)(1)(A). See United States Sent'g Guidelines Manual § 1B1.13. The amendments became effective on November 1, 2023. Id. They supersede much of the case law that developed over the past several years while there was no policy statement applicable to defendant-filed motions. See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). However, while drafting the new policy statement, the Sentencing Commission considered case law that developed after the enactment of the First Step Act in the absence of a binding policy statement. See United States Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)). While Defendant filed his Motion before the amendment became effective, this Court will evaluate the Motion under the current policy statement.

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing United States v. Kibble, 992 F.3d 326, 331(4th Cir. 2021)). Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and

characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

The Government does not contest Defendant exhausted his administrative remedies. (Doc. No. 88, p. 7.) Thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release or a sentence reduction in light of the applicable § 3553(a) factors.

## II. ANALYSIS

Defendant argues the following constitute "extraordinary and compelling" reasons for the Court to grant his motion for compassionate release: (1) he is the primary caretaker to his daughter, who has an autoimmune disease; (2) he is at high risk of contracting COVID-19; and (3) his conviction and sentence are unlawful, at least in part because the Court improperly enhanced his sentence based on a predicate North Carolina conviction he contends resulted from a coerced Alford plea.

Defendant argues he is the primary caregiver to his adult child who has an autoimmune disease, and this family circumstance constitutes an extraordinary and compelling reason justifying his release. A defendant may show extraordinary and compelling reasons for compassionate

4

Case 3:11-cr-00404-FDW-DSC   Document 90   Filed 04/15/24   Page 4 of 8

release based on family circumstance involving "[t]he death or incapacitation of . . . the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." See United States Sent'g Guidelines Manual § 1B1.13(b)(3)(A). However, courts generally only grant compassionate release for family circumstances "where a defendant is the sole available caregiver for his or her minor child or a closely related and incapacitated adult." See United States v. Burrough, No. 3:04-CR-00191-FDW, 2022 WL 2318512 (W.D.N.C. June 28, 2022), reconsideration denied, No. 3:04-CR-00191-FDW, 2023 WL 4534919 (W.D.N.C. July 13, 2023); see also United States v. Barlow, No. 7:19-CR-00024-4, 2023 WL 2755598, at *3 (W.D. Va. Mar. 31, 2023) (noting "as a whole, case law indicates that extraordinary and compelling circumstances based on the need to care for a child or incapacitated adult are found only where the defendant is the only possible caregiver."). Defendant alone bears the "burden of establishing that compassionate release is warranted." See United States v. Allen, No. 4:13-CR-00024, 2021 WL 3025458, at *1 (W.D. Va. July 16, 2021).

Defendant submitted a letter from his twenty-six-year-old daughter's doctor as evidence she is incapacitated. While this letter indicates Defendant's adult daughter has been diagnosed with an autoimmune disorder, the letter only states that his daughter is "unable to work." (Doc. No. 85, p. 2.) The doctor does not indicate Defendant's daughter is unable to care for herself or that she needs a caregiver.

Even if Defendant had shown his daughter is incapacitated, he failed to show he is the only available caregiver. Before this Court sentenced Defendant, a United States Probation Officer prepared a Presentence Report that included information about Defendant and the offense conduct underlying this case. (Doc. No. 49.) That report includes a statement from Defendant reporting his mother and four half-siblings all lived in the area and he had good relationships with them all. (Id.,

5

pp. 16–17.) Defendant gives no explanation as to why, if his daughter were incapacitated, none of his family members could care for her. Because Defendant failed to submit any evidence showing why no other party could serve as his daughter's caregiver, he is unable to show he is the *only* possible caregiver for her. See U.S. Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C, p. 207) (stating that relief is available only where "the defendant establishes both the qualifying relationship and that the defendant is the only available caregiver"); see also United States v. Richardson, No. 5:18-CR-507-LFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) ("The court declines to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver.").

In sum, Defendant's argument in favor of compassionate release for family circumstances is insufficient because not only has he failed to show that his daughter is incapacitated, but he also failed to show that even if she were incapacitated, he is the only available caregiver.

Defendant also argues his risk of contracting COVID-19 constitutes an extraordinary and compelling reason justifying compassionate release. The policy statement now in effect authorizes the Court to find "extraordinary and compelling" reasons support release where a defendant is housed at a correctional facility "affected or at imminent risk of being affected by an ongoing outbreak of infectious disease" or public health emergency as declared by the appropriate authorities, personal health risk factors increase the defendant's "risk of suffering severe medical complications or death" as a result of the disease or public health crisis, and that risk "cannot be adequately mitigated in a timely manner." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(D). In May 2023, the federal government ended the national state of emergency to respond to COVID-19. National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023).

6

Case 3:11-cr-00404-FDW-DSC    Document 90    Filed 04/15/24    Page 6 of 8

Defendant does not show a particularized susceptibility or risk of contracting COVID-19. Defendant states that he has breathing difficulties in his sleep but provides no evidence or medical records to support his claim. Additionally, the Warden's April 2023 Response to Defendant's request for a reduction in sentence indicated that he had not requested to been seen by Health Services since 2021. (Doc. No. 84-1, p. 1.)

Defendant also indicates he is fully vaccinated against COVID-19, (Doc. No. 84, p. 2), and according to the CDC, vaccines are "highly effective in preventing the most severe outcomes from a COVID-19 infection." Benefits of Getting a COVID-19 Vaccine, Centers for Disease Control and Prevention (Sept. 22, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html.

Moreover, Defendant is not housed at a correctional facility "affected or at imminent risk of being affected" by an ongoing COVID-19 outbreak. While Defendant was housed at FCI Ray Brook at the time he filed his Motion, he is now housed at FMC Butner. See https://www.bop.gov/inmateloc/. FMC Butner currently reports zero active cases of COVID-19, and approximately 66.5 percent of the population—including Defendant—is fully vaccinated against the virus. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Apr. 4, 2024). On this record, Defendant's health and alleged susceptibility to COVID-19 do not present extraordinary and compelling reasons to reduce his sentence.

Even if Defendant had demonstrated extraordinary and compelling reasons for compassionate release, the applicable § 3553(a) factors do not support a reduction in Defendant's sentence. The nature and circumstances of the offense weigh against a sentence reduction. A jury found Defendant guilty of three counts of possession with intent to distribute cocaine base in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. No. 31.) Additionally, with a criminal history

7

score of 11, the Defendant has a lengthy and serious criminal history. Defendant was also determined to be a career offender which places him in a criminal history category of VI. Further, Defendant has committed numerous disciplinary infractions during his term of imprisonment. (Doc. No. 88-1, pp. 1–3; Doc. No. 88-2.) See United States v. Kirk Pryor, No. 1:01-cr-00048, 2021 WL 3044226, at *3 (W.D.N.C. July 19, 2021) (finding that a reduction in defendant's sentence was unwarranted when defendant engaged in distributing "a significant amount of . . . crack cocaine" and had "numerous disciplinary infractions").

The Court determines the § 3553(a) factors weigh against a reduction of Defendant's sentence given the seriousness of the crime, the history and characteristics of the defendant, and the need to promote respect for the law.

Because Defendant "cannot challenge the validity of his . . . sentence through a compassionate release motion," the Court declines to address his third contention for compassionate release. See United States v. Ferguson, 55 F.4th 262, 265 (4th Cir. 2022), cert. denied, No. 22-1216, 2024 WL 759802 (U.S. Feb. 26, 2024) (holding that a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence). Further, the Court already addressed the arguments Defendant raises in denying his petition under 28 U.S.C. § 2255. (Doc. No. 81, p. 11.) The Fourth Circuit has dismissed Defendant's appeal of that order. (Doc. No. 82.)

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's pro se Motion for Compassionate Release, (Doc. No. 84), is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 15, 2024

Frank D. Whitney
United States District Judge